UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMIE JAMES NORMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV01695 AGF |
| ) | |
| MARTEN TRANSPORT, LTD., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

In this action Plaintiff Jimmie James Norman sought to recover damages for injuries allegedly incurred when a tractor trailer rig driven by Defendant Haight, an employee of Defendant Marten Transport, Ltd., struck Plaintiff from behind while he slept in a parked tractor trailer rig.  The case was tried to a jury and a verdict was returned for Defendants on August 11, 2011.  Now before the Court is Plaintiff's motion for a new trial (Doc. No. 98).  For the reasons set forth below, Plaintiff's motion will be denied.

Plaintiff asserts four grounds in support of his motion: that the jury's finding that he was not injured was against the weight of the evidence; that the admission of a report prepared by a police officer called to the scene to investigate the accident was improper and prejudicial; that defense counsel's statements in closing argument regarding the garnishment of Plaintiff's wages for child support and his failure to file federal income

taxes for several years was prejudicial; and that the Court's refusal to grant a directed verdict was so erroneous as to amount to a miscarriage of justice.

## DISCUSSION

**Legal Standard: Motion for New Trial**

The authority to grant a new trial pursuant to Federal Rule of Civil Procedure 59 resides almost entirely in the trial court's discretion. *Chalfant v. Titan Distrib., Inc.,* 475 F.3d 982, 988 (8th Cir. 2007). A motion for new trial should be granted only if there is "a clear showing that the outcome is against the great weight of the evidence so as to constitute a miscarriage of justice." *Weitz Co. v. MH Washington*, 631 F.3d 510, 520 (8th Cir. 2011). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial resulted in a miscarriage of justice." *Gray v Bicknell*, 86 F. 3d 1472, 1480 (8th Cir. 1996); *see also Murphy v. Mo. Dept. of Corr.*, 506 F.3d 1111, 1116 (8th Cir. 2007). Errors in evidentiary rulings or in jury instructions are sufficient grounds for new trial only if they are so prejudicial that a new trial would "likely produce a different result." *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005) (citations omitted) (evidentiary rulings); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 720 (8th Cir. 2008) (jury instructions). In addition, a motion for a new trial based upon an improper statement in closing argument will succeed only if that statement is "plainly unwarranted" or "clearly injurious," thus causing prejudice or unfairly influencing the jury's verdict.

*Harrison v. Purdy Brothers Trucking Co.,* 312 F. 3d 346, 351 (8th Cir. 2002) (citations omitted).

**<u>Verdict Supported by the Evidence</u>**

Plaintiff first argues that the jury's determination that he did not suffer injury in the collision is against the weight of the evidence. The Court does not agree. Although the parties offered conflicting evidence with respect to Plaintiff's injury, Defendants offered substantial evidence to impeach Plaintiff's credibility, and there was ample evidence to support a finding that he suffered no injury at the time of the accident. For example, immediately following the collision, Plaintiff drove for almost 11 hours before seeking treatment or testing. In addition, Defendants' retained medical expert offered his opinion that Plaintiff's symptoms were caused by degenerative changes and not acute injury. This witness also testified that the negative results of Plaintiff's bone scan, taken shortly after the accident, clearly indicated that he suffered no acute injury at the time of the accident. On the basis of this evidence, the jury could have reasonably concluded that Plaintiff was not injured in the accident and there is no basis to grant his motion. *See Copeland v. Kramer & Frank, P.C.*, No. 4:09CV310 CDP, 2010 WL 4671143, at *5 (E.D. Mo. Nov.10, 2010) (holding that "[w]here reasonable minds can differ in evaluating the credible evidence, a new trial based on the weight of the evidence should not be granted") (citing *Jacobs Mfg. Co. v. Sam Brown Co.*, 19 F. 3d 1259, 1267 (8th Cir. 1994)). Where, as here, "conflicting evidence is presented at trial it is the jury rather than [the] court which assesses the credibility of the witnesses and decides which version to

believe." *Spencer v. Stuart Hall Co.*, 173 F.3d 1124, 1128 (8th Cir. 1999); *see also White v. Pence*, 961 F.2d 776, 781 (8th Cir. 1992).

**Admission of the Police Report**

Plaintiff also asserts that the Court erroneously permitted the introduction into evidence of a redacted police report prepared by the responding officer, despite the officer's unavailability to testify at trial. At trial, Defendants offered only two portions of the police report, where the officer noted that there were no injuries. Plaintiff sought to exclude this portion of the police report and, in particular, the officer's statement to the effect that Plaintiff was not injured, on the ground that it failed to meet the trustworthiness requirement of Federal Rule of Evidence 803(8).[1] Rule 803(8) creates a "public records" exception to the hearsay rule unless the party objecting to the use of the evidence can show that the public record lacks trustworthiness. *Meder v. Everst & Jennings, Inc.*, 637 F.2d 1182, 1185 (8th Cir. 1981). Here Plaintiff asserted that the report was untrustworthy because the responding officer lacked the skill or expertise to assess whether Plaintiff had been injured in the accident.[2]

---

[1] Fed.R.Evid. 803(8) provides in part that "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness," are not excludable as hearsay. *See* 4 D. Louisell & C. Mueller, Federal Evidence §§ 454-456 (1980).

[2] At the final pretrial hearing, Plaintiff did not object based on any lack of authenticity. Indeed, Plaintiff had produced the police report in response to Defendants' discovery requests.

For the reasons set forth in its Order of August 5, 2011 (Doc. No. 69), ruling on Plaintiff's motion in limine to exclude the police report, the Court concludes that the police report was properly admitted.  Plaintiff failed to demonstrate the absence of the four primary factors[3] to consider in determining the trustworthiness of a public record: the timeliness of the investigation, the special skill or experience of the investigating officer, whether a hearing was held and the level at which the hearing was conducted, and any possible motivational problems.  Fed. R. Evid. 803(8), 1972 Advisory Committee Note to Paragraph (8).  Moreover, the officer's assessment was based, in part, on Plaintiff's own statements and conduct.

In addition, the Court finds that the authorities cited by Plaintiff in his memoranda in support of this motion are distinguishable from the present case.  In *Meder v. Everst & Jennings, Inc.*, 637 F.2d 1182 (8th Cir. 1982), the court excluded a police report as untrustworthy because the officer who prepared it could not recall the source of the information in the report.  *Id.* at 1185.  In the present case, both Plaintiff and Defendant Haight, sources of the relevant information in the report, testified at trial and corroborated the statements in the report that Plaintiff reported no injuries at the scene of the accident and told the officer that he did not need to call an ambulance. (Doc. No. 102, Ex. A 51:9-14.)

---

[3]    Other factors to consider include "the presence or absence of checking procedures, the simplicity or complexity of the matter reported and the degree to which the matter reported is relied upon outside the immediate context of the litigation in which the evidence is offered." 4 D. Louisell & C. Mueller, Federal Evidence § 456, at 769.

*Fares v. Atlas Truck Body Manufacturing Co.*, 797 F.2d 619 (8th Cir. 1986), is similarly distinguishable.  In that case the Eighth Circuit held that an opinion in a police report regarding the cause of a motor vehicle accident should have been excluded because the officer based his opinion upon an incomplete investigation and arguably biased sources, and there was no corroborating testimony.  *Id.* at 622-23.  The Eighth Circuit reasoned that the report should have been excluded as untrustworthy because the jury had no opportunity to assess the credibility of the opinions or statements it contained.  *Id.*  In the present case, there was corroborating testimony from parties on both sides of the issue which afforded the jury the opportunity to assess trustworthiness and credibility.

Finally, the Court notes that even if the evidentiary ruling was erroneous, admission of the report would not constitute a basis for new trial because Plaintiff cannot show that it was so prejudicial that excluding it would likely have produced a different result.  *See Diesel Mach., Inc.*, 418 F.3d at 833.  The jury heard, from other sources, evidence that corroborated the police report, including Plaintiff's own admission that he so advised the officer.  The Court cannot conclude that additional evidence contained in the police report was so significant as to have affected the jury's finding with respect to Plaintiff's injury. *See Copeland,* 2010 WL 4671143, at *5.

**Statements by Defense Counsel Regarding Garnishment and Tax Filings**

Plaintiff next asserts that he is entitled to a new trial because the statements made by defense counsel during questioning of the Plaintiff and in closing argument, relating to the garnishment of Plaintiff's wages for child support and his failure to file federal tax

returns, unduly prejudiced the jury.  The Court finds this argument to be without merit.  First, prior to opening statements, the jury was instructed pursuant to Instruction 1.02 of *The Eighth Circuit Manual of Model Jury Instructions, Civil* that arguments made by counsel were not evidence.  In its closing instructions, the Court reminded the jury to abide by its earlier instructions.  The jury is presumed to have followed those instructions.  *See Harrison*, 312 F. 3d at 352.

In addition, Plaintiff's counsel failed to object to any of the statements made in argument regarding garnishment or the failure to file federal tax returns.  On that basis alone, these statements cannot form the basis for a grant of new trial here.  As the Court held in *Cook v. City of Bella Vista* , 582 F.3d 840, 857 (8th Cir. 2009), in the absence of an objection to the statement at trial, a motion for new trial based on such a statement will be granted only in "extraordinary situations" or to avoid "a plain miscarriage of justice."  No such extraordinary situation exists in this case.  Indeed, the first mention of any garnishment of his wages for child support came from Plaintiff, himself.  Plaintiff's own reference to garnishment and his extensive testimony regarding his large number of children and grandchildren and his desire to work to support them opened the door to defense counsel's comments in closing.

Further, the failure to file tax returns is relevant in a case such as this one and may be used to impeach witnesses where lost wages are an element of damages.  *See Gaillard v. Jim's Water Serv., Inc.,* 535 F.3d 771, 778 (8th Cir. 2008) (holding that evidence

regarding the failure to file income tax returns was probative of character for truthfulness and not unduly prejudicial).

The Court also concludes that no basis for new trial exists with respect to those references by defense counsel to garnishment or the filing of federal tax returns made during questioning and to which Plaintiff's counsel made objection, because the Court sustained the objections and instructed the jury to disregard the statements. *See Lovett ex rel Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) (holding that instructing the jury to disregard allegedly inflammatory statements cures prejudice). Plaintiff did not seek a curative closing instruction or move for a mistrial, and in the absence of such further measures any prejudice occasioned by the statements is deemed cured by the Court's admonition to the jury. *See Alholm v. American Steamship Co.*, 144 F.3d 1172, 1181 (8th Cir. 1998).

**Denial of Motion for Judgment as a Matter of Law**

Finally, the Court concludes that Plaintiff is unable to claim prejudice as a result of the denial of the motion for judgment as a matter of law. A motion for judgment as a matter of law should be granted only if the jury's verdict is utterly lacking in evidentiary support. *In re Prempro Prod. Liability Litig.*, 586 F.3d 547, 571 (8th Cir. 2009). When deciding a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, a court must construe the evidence most favorably to the prevailing party and draw all inferences in its favor, denying the motion "if reasonable persons could differ as to the conclusions to be drawn from the evidence." *Western American, Inc. v. Aetna Cas. and*

*Sur. Co.*, 915 F.2d 1181, 1183 (8th Cir. 1990). The court may not make credibility determinations or weigh the evidence. *In re Prempro*, 586 F.3d at 572 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Applying these standards, the Court concludes that the motion was properly denied in this case and cannot therefore constitute a basis for a finding of prejudice. As noted above, there was a factual dispute with respect to the questions of causation and any injury to Plaintiff. These questions alone justified the denial of the motion because there was evidence from which a reasonable jury could have returned a verdict for the Defendants. Because there was no basis on which the Court could have conclusively determined that Plaintiff suffered injury as the proximate result of the accident, the motion for judgment as a matter of law was properly denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a new trial (Doc. No. 98) is **DENIED.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2012.